1  ERSKINE & TULLEY
   A PROFESSIONAL CORPORATION
2  MICHAEL J. CARROLL (St. Bar #50246)
   220 Montgomery Street, Suite 303
3  San Francisco, CA  94104
   Telephone:  (415) 392-5431
4  Fax: (415) 392-1978

5  Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  NORTHWEST ADMINISTRATORS, INC.,     )     NO. C 08 1422 SI
                                        )
12                     Plaintiff,       )     COMPLAINT
                                        )
13          vs.                         )
                                        )
14  VWR INTERNATIONAL, a Limited        )
    Liability Corporation,              )
15                                      )
                       Defendant.       )
16  _____ )

17

18          Plaintiff complains of defendant and for a cause of action

19  alleges that:

20          1.   Jurisdiction of this Court is founded upon Section

21  301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C.

22  § 185(a)] and Section 502 of the Employee Retirement Income Security

23  Act of 1974, said Act being hereinafter referred to as "ERISA" (29

24  U.S.C. 1132), in that defendant has violated a collective bargaining

25  agreement and certain Trust Agreements, thereby violating the

26  provisions of ERISA and the provisions of the National Labor Relations

27  Act of 1947.  This action is also brought pursuant to the Federal

28  Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of

                               COMPLAINT
                                 -1-

1  actual controversy between plaintiff and defendant, and for a Judgment

2  that defendant pay fringe benefit contributions in accordance with its

3  contractual obligations.

4       2.  Plaintiff is an organization incorporated and in good

5  standing under the laws of the State of Washington.  Plaintiff has

6  qualified to do business and is doing business in the State of

7  California, and its principal place of business in California is in

8  Daly City, San Mateo County.  Plaintiff is the administrator of the

9  WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND and has been

10 directed and authorized by the Trustees of said Trust Fund to bring

11 this action for and on behalf of the Trustees of said Trust Fund.  The

12 WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND will hereinafter

13 be referred to as the "TRUST FUND".  The Agreement and Declaration of

14 Trust, dated April 26, 1955 (hereinafter referred to as the "Trust

15 Agreement"), which Trust Agreement established the TRUST FUND sets

16 forth the provisions governing the maintenance of the TRUST FUND

17 pursuant to the applicable requirements of Section 302 of the Labor

18 Management Relations Act of 1947 (29 U.S.C. § 186) as amended.

19      3.  Each and every defendant herein is the agent of each and

20 every other defendant herein.  Defendants and each of them are engaged

21 in commerce or in an industry affecting commerce.

22      4.  At all times pertinent hereto defendant was bound by

23 a written collective bargaining agreement with Teamsters Local Union

24 No. 853, a labor organization in an industry affecting commerce.  The

25 aforesaid agreement provides that defendant shall make contributions

26 to the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND on behalf

27 of defendant's employees on a regular basis, and that defendant shall

28 be bound to and abide by all the provisions of the Trust Agreement

1 above referred to.

2         5.    The TRUST FUND relies upon a self reporting system.
3 Defendant has unique knowledge of the amounts of contributions that
4 it is liable to pay each month, and has a fiduciary obligation to
5 accurately report the amount to the TRUST FUND.

6         6.    Defendant has breached both the provisions of the
7 collective bargaining agreement and the Trust Agreement above referred
8 to by failing to complete and send in monthly reports and/or to pay
9 all moneys due thereunder on behalf of defendant's employees to the
10 TRUST FUND.  Said breach constitutes a violation of ERISA (29 U.S.C.
11 1002, et seq.) and of the National Labor Relations Act of 1947.

12         7.    Defendant has failed and refused to pay in a timely
13 manner since December 1, 2007.    Pursuant to the terms of the
14 collective bargaining agreement, there is now due, owing and unpaid
15 from defendant to the TRUST FUND contributions for hours worked by
16 covered employees (Pension Account 306180 & 315649) for the months of
17 December 2007 and January 2008 and liquidated damages and interest
18 which are specifically provided for by said agreement.  The total
19 amount due is unknown at this time; additional monthly amounts may
20 become due during the course of this litigation and in the interest
21 of judicial economy, recovery of said sums will be sought in this
22 case.   Interest is due and owing on all principal amounts due and
23 unpaid at the legal rate from the dates on which the principal amounts
24 due accrued.   The total amount due in this paragraph is unknown at
25 this time, except to the defendant.

26         8.   Demand has been made upon said defendant, but defendant
27 has failed and refused to pay the amounts due the TRUST FUND or any
28 part thereof; and there is still due, owing and unpaid from defendant

COMPLAINT
-3-

1  the amounts set forth in Paragraph 7 above.

2          9.    An actual controversy exists between plaintiff and

3  defendant in that plaintiff contends that the TRUST FUND is entitled

4  to a timely monthly payment of trust fund contributions now and in the

5  future pursuant to the collective bargaining agreement and the Trust

6  Agreement, and defendant refuses to make such payments in a timely

7  manner.

8          10.   The TRUST FUND does not at this time seek to audit the

9  books and records of defendant.  The only issue raised in this

10 complaint is defendant's failure to complete and file voluntary

11 monthly reports and pay the contributions due.  The TRUST FUND seeks

12 to obtain a judgment for any outstanding delinquent contributions

13 based on defendant's reports and to reserve the right to audit

14 defendant for this or any other unaudited period.

15         11.   The Trust Agreement provides that, in the event suit is

16 instituted to enforce payments due thereunder, the defendant shall pay

17 court costs and a reasonable attorneys' fee.  It has been necessary

18 for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,

19 as attorneys to prosecute the within action, and a reasonable

20 attorneys' fee should be allowed by the Court on account of the

21 employment by plaintiff of said attorneys.

22         WHEREFORE, plaintiff prays:

23         1.    That the Court render a judgment on behalf of plaintiff

24 for all contributions due and owing to the date of judgment based upon

25 unaudited reporting forms, plus liquidated damages provided for by the

26 contract, interest at the legal rate, reasonable attorneys' fees

27 incurred in prosecuting this action and costs.

28         2.    That the Court enjoin the defendant from violating the

1 terms of the collective bargaining agreements and the Trust Agreement

2 for the full period for which defendant is contractually bound to file

3 reports and pay contributions to the TRUST FUND.

4        3.   That the Court reserve plaintiff's contractual right to

5 audit defendant for months prior to judgment, and in the event of such

6 audit, collect any additional sums which may be due.

7        4.   That the Court retain jurisdiction of this cause pending

8 compliance with its orders.

9        5.   For such other and further relief as the Court deems

10 just and proper.

11        Dated:    March 12, 2008

12                          ERSKINE & TULLEY

13

14                          By:/s/Michael J. Carroll
                               Michael J. Carroll
15                             Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28